UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD HARRALL and
JANET HARRALL,                                    DEMAND FOR JURY TRIAL
    Plaintiffs,

-vs.-

EQUITYEXPERTS.ORG, LLC,
    Defendant.
_____

**<u>COMPLAINT AND JURY DEMAND</u>**

NOW COMES THE PLAINTIFFS, RICHARD HARRALL AND JANET

HARRALL, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF

AMERICA, BY GARY D. NITZKIN, and for their Complaint against the

Defendant plead as follows:

**<u>JURISDICTION</u>**

1. This is an action for damages, brought against a debt collector for violating

    the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq.

    ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq.

    ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq.

    ("MOC").

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. § 1367.

## VENUE

3. Defendant's principal place of business is in the County of Oakland, State of Michigan.

4. Venue is proper in the Eastern District of Michigan.

## PARTIES

5. Plaintiffs are natural persons residing in Washington Township, Macomb County, Michigan. Plaintiffs are "consumers" and "persons" as the terms are defined and used in the FDCPA. Plaintiffs are "consumers," "debtors" and "persons" as the terms are defined and or used in the MCPA and MOC.

6. The Defendant to this lawsuit is EquityExperts.Org, LLC, which is a Michigan company that maintains its principal place of business in Oakland County, Michigan.

## GENERAL ALLEGATIONS

7. Defendant is attempting to collect a consumer debt allegedly owed by Plaintiffs to Virginia Center East Owners Association, Inc. ("the Association") in the approximate amount of $3,765.50 ("the alleged Debt").

2

8.  On September 28, 2015, the Association filed a lawsuit against Plaintiffs because they fell behind on their association dues.

9.  In the lawsuit, the Association sought $3,747.52 in damages, 6% judgment interest, $96.00 in court costs and $50.00 in attorney's fees.

10. On March 15, 2016, a judgment was entered against Plaintiffs and in favor of the Association in the amount of $1,852.52 in damages, 6% judgment interest, $96.00 in court costs and $50.00 in attorney's fees.

11. Immediately following the issuance of the judgment, Mr. Harrall and the Association agreed that Plaintiffs would satisfy the judgment by making monthly payments of $100.00 until the judgment was fully paid.

12. To date and pursuant to their agreement with the Association, Plaintiffs have paid $1,700.00 to the Association toward the satisfaction of the judgment, in addition to their regular association dues.

13. On or about April 4, 2017, Plaintiffs received a letter from Defendant attempting to collect the alleged Debt.

14. The letter stated that Plaintiffs owed a balance of $2,095.50 and that if the total balance was not paid within fifteen days of the date of the letter, collection costs in the amount $395.00 may be charged and added to the balance.

15. Defendant attached to the letter a "Collection Activity and Cost Notice" that

listed the following excessive fees:

   a. FDCPA Compliance Assurance Package/Pre-lien Notice in the

      amount of $270.00;

   b. Notice of Intent to Record Lien Package;

   c. Lien Recording and Discharge Package in the amount of $395.00;

   d. Escalated Outreach (EDO) Service Package in the amount of $395.00

      plus Attorney's Fee & Filing Fees;

   e. Post Outreach Lien Enforcement (Pole) Package in the amount of

      $650.00;

   f. Continuing Contact Package in the amount of $75.00 Per Outbound

      Contact; and

   g. Final Enforcement Package in an amount that varies.

16. On or about April 24, 2017, Plaintiffs received another letter from Defendant

attempting to collect the alleged Debt, which stated that the current balance

is $2,490.50 and that a lien has been mailed for recording against their

property.

17. The letter further stated that if Plaintiffs did not "agree to an acceptable

payment plan" within ten days of the date of the letter, Defendant will

charge an additional $350.00 collection fee to Plaintiffs.

18. On or about May 3, 2017, Plaintiffs received a statement from Defendant

    showing the following excessive charges:

    a. A Collection Fee was charged on 08/11/2016 in the amount of

       $287.40;

    b. An "FDCPA Compliance Assurance/Pre-Lien" fee was charged on

       09/26/2016 in the amount of $270.00;

    c. A "Plan Fee" was charged on 01/23/2017 in the amount of $100.00;

    d. A "Lien Recording and Discharge" was charged on 04/24/2017 in the

       amount of $395.00; and

    e. A Principal Adjustment was charged on 05/03/2017 in the amount of

       $220.00.

19. On or about May 10, 2017, Plaintiffs received another letter from Defendant

    attempting to collect the alleged Debt, which stated that the current balance

    is $2,660.50 and that additional $350.00 in collection costs has been charged

    to the association to be added to their balance.

20. On or about May 22, 2017 and June 1, 2017, Plaintiffs received additional

    letters from Defendant attempting to collect the alleged Debt.

21. On or about June 12, 2017, Plaintiffs received another letter from Defendant

    attempting to collect the alleged Debt, which stated that if Plaintiffs do not

    agree to a payment plan within seven days, then Defendant will "escalate"

his file and an additional $650.00 collection fee will be charged to the association and added to his account.

22. On or about June 12, 2017, Plaintiffs received an account history from the Association, which stated that Plaintiffs owed a balance of $1,650.00.

23. On or about June 28, 2017, Plaintiffs received another letter from Defendant attempting to collect the alleged Debt, which stated that Plaintiffs owed a balance of $3,765.50.

24. Plaintiffs have suffered pecuniary and emotional damages as result of Defendant's actions.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiffs reincorporates the preceding allegations by reference.

26. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

27. Plaintiffs are "consumers" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

28. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

29. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

a. 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant violated this section of the FDCPA by charging excessive fees, and overcharging for services allegedly performed by Defendant;

b. 15 U.S.C. § 1692e(2)(a) by misrepresenting the character, amount or legal status of any debt. Defendant misrepresented the amount of the alleged Debt, charged excessive fees, and overcharged for services allegedly performed by Defendant;

c. 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or is not intended to be taken.  Defendant violated this provision when it threatened to charge additional fees if Plaintiffs did not pay the inflated amount of the alleged Debt, though Plaintiffs already had an agreement with the Association to satisfy the judgment and were making payments pursuant to that Agreement.

d. 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect a debt. Defendant violated this provision by misrepresenting the amount of the alleged Debt, charging excessive fees, and overcharging for services allegedly performed by Defendant; and

7

e.  15 U.S.C. § 1692f(1) by collecting any amount not permitted by law. Defendant violated this provision by misrepresenting the amount of the alleged Debt, charging excessive fees for the alleged Debt, and overcharging for services allegedly performed by Defendant.

30. Plaintiffs have suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFFS PRAY** that this court grants them a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II
## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

31. Plaintiffs incorporates the preceding allegations by reference.

32. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

33. Plaintiffs are debtors as that term is defined in M.C.L. § 339.901(f).

34. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

a.  MCL § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this provision by charging excessive fees.

b.  MCL § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

8

35. Plaintiffs have suffered damages as a result of these violations of the

Michigan Occupational Code.

36. These violations of the Michigan Occupational Code were willful.

## COUNT III
## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

37. Plaintiff incorporates the preceding allegations by reference.

38. Defendant is a "Regulated Person" as that term is defined in the Michigan

Collection Practices Act ("MCPA"), at MCL § 445.251.

39. Plaintiffs are "consumers" as that term is defined at MCL § 445.251.

40. Defendant's foregoing acts in attempting to collect this debt violated the

following provisions of the MCPA:

a. MCL § 445.252(e) by making an inaccurate, misleading, untrue, or

deceptive statement or claim in a communication to collect a debt.

Defendant violated this provision by charging excessive fees; and

b. MCL § 445.252(q) by failing to implement a procedure designed to

prevent a violation by an employee.

41. Plaintiffs have suffered damages as a result of these violations of the MCPA.

42. These violations of the MCPA were willful.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiffs request that the Court grant them the following relief

against Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

Respectfully submitted.

Dated: August 23, 2017     /s/ Gary Nitzkin
                            GARY D. NITZKIN (P41155)
                            TRAVIS SHACKELFORD P68710
                            CARL SCHWARTZ P70335
                            CREDIT REPAIR LAWYERS OF AMERICA
                            Attorneys for Plaintiff
                            22142 West Nine Mile Road
                            Southfield, MI 48033
                            (248) 353-2882
                            Fax (248) 353-4840
                            Email – gary@crlam.com